IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN RONALD BIRD | § | |
| TDCJ-CID #1272202 | § | |
| | § | |
| V. | § | C.A. NO. C-06-238 |
| | § | |
| DOUGLAS DRETKE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR INJUNCTIVE RELIEF**

Pending is petitioner's motion for preliminary injunctive relief (D.E. 5), in which he seeks to be transferred immediately off the McConnell Unit. For the reasons stated herein. it is respectfully recommended that petitioner's request be denied without prejudice.

**I. Jurisdiction**

The Court has jurisdiction over this habeas corpus action pursuant to 28 U.S.C. § 2254.

**II. Background facts**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, serving a fifteen-year sentence for sexual assault. In this habeas corpus action, he is challenging a May 22, 2006 prison disciplinary conviction that resulted in his loss of ninety (90) days earned good time credits. According to plaintiff, on April 29, 2006, he filed a life in danger ("LID") complaint and reported to Sergeant McGovern that he was in fear for life. However, on May 16, 2006, officers attempted to assign him a cell-mate, which he refused. Plaintiff claims that Sergeant Coleman assaulted him for refusing to accept the cell-mate. He also was given a disciplinary case, and was found guilty. As punishment, he received forty-five days commissary and recreation restriction, fifteen days solitary confinement, and loss of ninety days good time credit.

In his request for injunctive relief (D.E. 5), petitioner asks that he be transferred off the McConnell Unit immediately. He states that there is conflict between himself and the McConnell Unit officers, and in particular, Sergeant Coleman. He states that, because Sergeant Coleman assaulted him in the past when he was in handcuffs, he is fearful of him. However, petitioner, states that he will defend his life with all means necessary and that posted video cameras posted record all the events that occur at the Unit.

### III. Discussion

The only claims recognizable in a § 2254 petition are those that call into question the fact or duration of the petitioner's confinement. See Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting conditions of confinement). The relief sought by the prisoner or the label he places upon the action is not the governing factor. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

In this case, petitioner is challenging a disciplinary hearing that resulted in his loss of good time credits. Challenges to the loss of good time credits must be pursued in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973) (habeas corpus is sole remedy in federal court for a prisoner seeking restoration of good time credits); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Thus, petitioner properly filed his lawsuit as one seeking habeas corpus relief.

In his claim for injunctive relief, petitioner seeks to be transferred off the McConnell Unit, ostensibly due to his conflict with Sergeant Coleman. This claim has no bearing on the fact or

duration of his sentence. It must be pursued in a separate civil rights action, subject to exhaustion of administrative remedies.  42 U.S.C. § 1997e(a).   Thus, it is respectfully recommended  that petitioner's motion for injunctive relief (D.E. 5) be denied without prejudice.

### IV.  Recommendation

Petitioner's claim for injunctive relief is not properly maintained in this habeas corpus proceeding.  Accordingly, it is respectfully recommended that petitioner's motion for injunctive relief (D.E. 5) be denied without prejudice.

Respectfully submitted this 29th day of June, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).